Advisory opinion by
ROBERT L. BLAND, Judge.
To the Auditor of the State of West Virginia:
Your request for an advisory determination whether or not the auditor of the state of West Virginia is authorized to execute and deliver to the Loup Creek Collieries Company, a corporation, a release of that certain judgment of the state of West Virginia, at the relation of Edgar C. Lawson, auditor, v. George Chambers, et als, dated February 27, 1933, for the principal sum of fifteen thousand thirty-three dollars and ninety-seven cents ($15,033.97), with interest and costs, which judgment is docketed in the clerk’s office of the county court of Wyoming county, West Virginia, in judgment lien docket 6, at page 2, insofar as said judgment may constitute a lien against the property acquired by the Loup Creek Collieries Company, a corporation, as set out in the petition filed by said company against the state of West Virginia at the relation of Edgar B. Sims, auditor of the state of West Virginia, suggests the propriety of the following observations in relation to such procedure.
The jurisdiction of the state court of claims extends to and embraces only claims and demands, liquidated and unliqui-dated, ex contractu and ex delicto, against the state or any of its agencies which the state, as a sovereign commonwealth, should, in equity and good conscience, discharge and pay; to like claims and demands which may be asserted in the nature of setoff or counterclaim on the part of the state; and the legal *60 or equitable status, or both, of any claim referred to the court by the head of a state agency, for an advisory opinion.
Section 18 of the court act, relating to advisory determination, should be read in connection with subsection 3 of section 13. Said section 18 allows the Governor or the head of a state agency to refer to the court of claims for an advisory determination the question of the equitable or legal status, or both, of a claim against the state, or one of its agencies, apparently means a claim which the state as a sovereign commonwealth should, in equity and good conscience, discharge and pay. It is, we think, claims of this nature that may be properly referred to us for advisory determination. The statute expressly provides that the advisory determination procédure shall apply only to such claims as are within the jurisdiction of the court.
Does the instant case come strictly within the advisory jurisdiction of the court of claims? Treating the petition of the claimant, filed with the clerk, in which its contentions are clearly set forth, as the record and nature of its claim, and upon which an advisory determination is sought, we deduce the following facts:
By deed dated October 22,1937, Ashton File and others conveyed to the claimant, Loup Creek Collieries Company, a corporation, the undivided one-half interest formerly owned by George Chambers in four certain tracts of land in Oceana district, Wyoming county, West Virginia, containing in the aggregate 329.86 acres, more or less; that the state of West Virginia, suing for the benefit of Will P. Cook, Sheriff of Wyoming county, obtained judgment in the circuit court of said Wyoming county, on the 16th day of July 1930, against George Chambers and others, for the principal sum of eighty thousand three hundred twenty-three dollars and seventy-eight cents ($80,323.78), which said judgment was duly docketed in the office of the clerk of the county court of said county; that by reason of said judgment on March 21,1933 a chancery suit was instituted in the circuit court of Wyoming county, under the style of County Court of Wyoming County v. George Chambers, *61 et als, for the purpose of subjecting to the lien of said judgment the one-half undivided interest in the aforesaid tracts of land situate in Oceana district of said'Wyoming county; on March 4, 1933, prior to the institution of said suit there was docketed in the clerk’s office of said county court a judgment dated February 27, 1933, obtained by the state of West Virginia, at the relation of Edgar C. Lawson, auditor, v. George Chambers, et als, for the principal sum of fifteen thousand thirty-three dollars and ninety-seven cents ($15,033.97) with interest and costs; that in the said chancery suit brought by the county court to subject said property of George Chambers to the lien of said judgment for eighty thousand three hundred twenty-three dollars and seventy-eight cents ($80,323.78) the state of West Virginia was not named as a party defendant, nor was there an order of publication or of reference, nor did the state of West Virginia file any answer therein; that pursuant to orders and decrees made and entered in said chancery cause the property of George Chambers, after due advertisement, was sold at public auction, and in accordance with said sale, which was confirmed by decree entered in the case, R. D. Bailey, special commissioner, conveyed said property to the county court of Wyoming county, by deed dated October 11, 1933, the purchase price at said sale being the sum of one thousand six hundred thirty-five dollars ($1,635.00), which amount was insufficient to discharge the said judgment in favor of the county court of Wyoming county in the amount of eighty thousand three hundred twenty-three dollars and seventy-eight cents ($80,323.78), and that the county court, in the manner provided by law, made sale of said property to Ashton File; that the proceedings in said chancery suit of County Court v. George Chambers and others, in the Circuit Court of Wyoming county, appear not to have been in strict compliance with the provisions of article 3 of chapter 38 of the code of West Virginia, especially in that no notice was given to the state of West Virginia, a lien creditor, prior to the distribution of the proceeds realized from the sale of said property in said suit; that while the first lien judgment of the county court, for eighty thousand three hundred twenty-three dollars and seventy eight cents ($80,-323.78) was far greater in amount than the actual value of the *62 said real estate and there was no equity in said real estate in favor of said second lien judgment of the state of West Virginia for fifteen thousand thirty-three dollars and ninety-seven cents ($15,033.97), and while the proceeds from said sale were insufficient to pay off said first lien against said property, which lien was set out in said suit as the only lien against said property of George Chambers, the failure to give said notice constituted a cloud upon the title of said property now owned by claiment, Loup Creek Collieries Company, a corporation.
From the foregoing statement of facts it will be seen that the claim of the Loup Creek Collieries Company, a corporation, is not such a claim as the state of West Virginia as a sovereign commonwealth should discharge and pay. It is rather a claim to have a supposed cloud upon title to real estate removed. It is not a claim that is embraced within the jurisdiction of the court of claims, under the act creating the court. We have neither power to deal with it nor authority to advise concerning it. We must, therefore, respectfully decline to answer the specific question referred for the court’s consideration.